· [No. 4217. ˙ Decided August 11, 1902.]

PAUL E. PAGE, *Appellant,* v. MARY B. CARNINE, *Respondent.*

SPECIFIC PERFORMANCE — AGREEMENT TO LEASE — CONDITIONS PRECEDENT.

A parol agreement to lease premises for a term to begin in the future, upon the condition precedent that the prospective lessee shall prepare a written lease for signature and pay the rental in advance, cannot be specifically enforced, where these conditions were not performed nor tender made, even though such lessee may have taken possession of the premises, if such possession was taken without the consent or request of the lessor.

Appeal from Superior Court, Pierce County.—Hon. THAD HUSTON, Judge. Affirmed.

*Ira A. Town* (*C. N. Warner,* of counsel), for appellant.

*Bates & Murray,* for respondent.

PER CURIAM—The appellant sought by this action to enforce the specific performance of an alleged oral contract of lease. It appears from the record that the respondent, in the spring and summer of 1901, had in the course of construction a house upon certain land in the town of Buckley, in Pierce county, which the appellant desired to lease from her. Negotiations to that end were had between them at various times, the last of which seems to have occurred on the evening of September 4, 1901. At that time it appears that the parties agreed that a written lease should be prepared by the appellant, and forwarded to the respondent at Seattle, when she would sign the same, and return it to the appellant, who would then forward her the rental agreed upon for one year, namely, $120. The lease was to commence on the 6th of September, and to continue for

one year. On the 5th the appellant moved certain of his furniture into the house, but did not forward the lease for signature, as agreed, nor offer to pay the rental agreed upon. The respondent forthwith caused the furniture to be removed, and thereafter refused to enter into any form of lease with the appellant. On this state of facts appearing, the trial court granted a nonsuit.

We think there was no error in the ruling of the court. The respondent made no oral lease of the premises to the appellant. What she did do was to agree to enter into a written lease on condition that the appellant would perform certain precedent conditions, viz. prepare the writing for her signature, and pay the rental in advance. Without the performance, or tender of performance, of these conditions, the appellant has no standing to enforce a specific performance. But, more than this, the agreement itself was not enforceable. As was said by the supreme court of Oregon:

"We think that where one man agrees by parol to lease land to another for a term of years, to begin in the future, and agrees at the same time to put such parol contract in writing, and no consideration passes between the parties, either party may disregard the parol contract, and if the lessee go on the land at the commencement of the term named in the parol agreement without the request of the lessor, his possession thus obtained will not give him any rights under such parol contract." *Pulse v. Hamer,* 8 Ore. 251.

Judgment affirmed.